## SAMPSON v SCIOTO TRANSPORT CO. et

Common Pleas Court, Delaware Co.

No. 13041.   Decided July 18, 1939.

Hamilton, Kramer & Wiles, Columbus, for plaintiff.

Wilbur E. Benoy, Columbus, and Russel Saxby, Columbus, for defendant.

### OPINION

By WICKHAM, J.

This is an action for damages for personal injuries received November 15, 1936, by a passenger in an automobile. The plaintiff claims that the car in which she was riding was struck by a truck operated by the defendant while proceeding along the public highway in this county. Plaintiff's petition, filed April 25, 1939, contains the following allegation:

"Plaintiff further says that this action was not commenced at an earlier date for the following reasons, to-wit: that the defendants, having knowledge of such accident and collision and plaintiff's injuries, failed, neglected, and refused to stop and give to plaintiff, an injured person, their names and addresses, and failed and neglected to give to plaintiff the names and addresses of the owners of said motor vehicle, together with the registered number of such motor truck, and that instead they proceeded on their way and have ever since the time of said accident concealed their connection with said accident and failed and neglected to advise plaintiff that they were responsible or that they were the operators of said motor truck and equipment."

The defendants move to require this matter to be stricken from the petition on the ground that it is an immaterial allegation, and state that the court can treat their motion as a demurrer.

Sec. 11224-1 GC provides:

"An action for bodily injury or injury to personal property shall be brought within two years after the cause thereof arose."

It is apparent that the plaintiff's petition was not filed within two years after her cause of action arose, but it is my opinion that the allegations of her petition bring her within the provisions of §11228 GC which are, in part:

"When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in this chapter, shall not begin to run until he comes into the state or while he is so absconded or concealed. * * * "

A motorist who flees the scene of an accident in which he knows he has been involved, must be presumed to have done so for the purpose of concealing his identity, and hence is one who absconds or conceals himself within the meaning of §11228 GC.

The allegations complained of are material to plaintiff's cause of action and the motion to strike is overruled.